UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Haley Horn**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Limitless PCS, Inc.**<br>c/o Registered Agents, Inc.<br>6545 Market Avenue N., Ste. 100<br>North Canton, OH 44721<br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Haley Horn ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Limitless PCS, Inc. ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq*. and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Limitless PCS, Inc. Plaintiff brings this action on behalf of herself and all similarly-situated current and former Mobile Associate[1] (also referred to as the "Covered Positions") of Limitless PCS, Inc..

---

[1] For the purposes of this Complaint, "Mobile Associate" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

1

3. The Collective Members are all current and former Mobile Associates, or other similarly titled employees, who were employed by Limitless PCS, Inc. at any time starting three years before this Complaint was filed, up to the present.

4. The Class Members are all current and former Mobile Associates, or other similarly titled employees, who were employed by Limitless PCS, Inc. within the state of Ohio at any time starting three years before this Complaint was filed, up to the present.

5. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Limitless PCS, Inc. failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings Class Action and Collective Action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendant's violation of federal and Ohio law as detailed further below.

6. The wage requirements of the FLSA and OMFWSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 778.315. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.* Defendant violated the FLSA and OMFWSA by requiring Plaintiff, the Collective Members and the Class Members to pay for cash register shortages and by requiring Plaintiff, the Collective Members, and the Class Members to use their personal phones to post

sales figures and communicate and otherwise conduct business during and outside of regular work hours on the application, "Slack."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant is a citizen of this state and headquartered in this district.

9. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Limitless PCS, Inc. within the state of Ohio.

10. Limitless PCS, Inc. is headquartered in Westerville, Ohio.

11. Limitless PCS regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

12. Plaintiff, the Collective Members and the Class Members in their work for Limitless PCS, Inc. were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

13. Plaintiff was a full-time employee of Limitless PCS, Inc. who worked as a Mobile Associate from approximately June 29, 2022 through approximately July 27, 2022.

14. The Collective Members are all current and former Mobile Associates who worked for Limitless PCS, Inc. in the United States at any point in the three years preceding the filing of this Complaint.

15. The Class Members are all current and former Mobile Associates who worked for Limitless PCS, Inc. in the state of Ohio at any point in the three years preceding the filing of this Complaint.

16. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

17. At all material times, Limitless PCS, Inc. was an Ohio corporation duly licensed to transact business in the State of Ohio.

18. Under the OMFWSA and FLSA, Limitless PCS, Inc. is an employer. At all relevant times, Limitless PCS, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Limitless, PCS. As a person who acted in the interest of Limitless PCS, Inc. in relation to the company's employees, Limitless PCS, Inc. is subject to liability under the OMFWSA and FLSA.

19. At all material times, Plaintiff and the Class and Collective Members were employees of Limitless PCS, Inc. as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

20. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

21. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

## FACTUAL ALLEGATIONS

22. The Collective Members are all current and former Mobile Associates who worked for Limitless PCS, Inc. nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

23. The Class Members are all current and former Limitless PCS Mobile Associates who worked for Limitless PCS, Inc. in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

24. Plaintiff worked for Limitless PCS, Inc. as a Mobile Associate, providing customer service for Limitless PCS, Inc.'s clients at its Delaware, Ohio location.

25. At all relevant times, Plaintiff was compensated on an hourly basis.

26. During each and every workweek, Plaintiff and the Class and Collective Members were paid on an hourly basis.

27. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Limitless PCS, Inc.'s policy of requiring Plaintiff, the Collective Members and the Class Members to spend time working while not clocked in to conduct business and otherwise communicate on "Slack," an app that Limitless PCS, Inc. requires its Mobile Associates to download on their personal phones.

28. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Limitless PCS, Inc.'s policy of requiring Plaintiff, the Collective Members and the Class Members to spend time on Slack while not clocked into Limitless PCS, Inc.'s timekeeping system.

29. As a result, Plaintiff, the Collective Members and the Class Members typically spend 15-30 minutes or more each shift that goes completely uncompensated. In all instances, Limitless PCS Inc.'s failure to compensate Plaintiff, the Collective Members and the Class

5

Members for such time violates the minimum wage provisions of the FLSA and OMFWSA. In all instances wherein Plaintiff, the Collective Members and the Class Members work in excess of forty (40) hours in a given workweek, Limitless PCS's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the overtime provisions of the FLSA and OMFWSA.

30. Limitless PCS, Inc. requires Plaintiff, the Collective Members and the Class Members to supply their own phones to interact on Slack and otherwise conduct their jobs. However, Limitless PCS, Inc. fails to reimburse Plaintiff, the Collective Members and the Class Members for such required equipment. As such, Limitless PCS has violated both the minimum wage and overtime provisions of the FLSA and OMFWSA.

31. Limitless PCS, Inc. requires Plaintiff, the Collective Members and the Class Members to kickback business losses to Defendant.  Defendant deducts these shortages directly from the Plaintiff, the Collective Members and the Class Members' pay, resulting in violations of the minimum wage and overtime provisions of the FLSA and OMFWSA. For example, Defendant deducted approximately $430.00 from Plaintiff's pay when it determined that a phone was sold to a customer based upon a misinterpretation of a promotion.  This violates the anti-kickback provisions of the FLSA and parallel state law.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

33. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former Mobile Associates employed by Limitless PCS, Inc.

34. Limitless PCS, Inc. subjected all of their Mobile Associates, including Plaintiff and the Collective Members, to their policy and practice of not paying them minimum wage or overtime for all time spent on Slack, in violation of 29 U.S.C. §§ 206 and 207.

35. Limitless PCS, Inc. subjected all of their Mobile Associates, including Plaintiff and the Collective Members, to their policy of requiring kickbacks when it perceived the employee to be the cause of a business loss.

36. Limitless PCS, Inc. subjected all of their Mobile Associates, including Plaintiff and the Collective Members, to their policy of requiring Plaintiff and the Collective Members to provide phones to download "Slack" and otherwise conduct company business without reimbursing Plaintiff and the Collective Members for the same.

37. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

38. The Collective Members perform or have performed the same or similar work as Plaintiff.

39. Limitless PCS, Inc.'s failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

40. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic

course of wrongful conduct by Limitless PCS, Inc. that caused harm to all of the Collective Members.

41. As such, Plaintiff brings her FLSA overtime claim as a collective action on behalf of the following class:

> **All of Limitless PCS, Inc.'s current and former Mobile Associates and those with similar job duties, but different titles, who worked for Limitless PCS, Inc. at any time from three years preceding the filing of this Complaint to the present.**

42. Limitless PCS, Inc.'s unlawful conduct, as described herein, is pursuant to Limitless PCS, Inc.'s corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

43. Limitless PCS, Inc. is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

44. Limitless PCS, Inc.'s unlawful conduct has been widespread, repeated, and consistent.

45. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

46. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds, and possibly thousands, of Mobile Associates currently and/or formerly employed by Limitless PCS, Inc. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Limitless PCS, Inc.'s possession, custody, or control, but it can be readily ascertained from their employment records.

47. Notice can be provided to the Collective Members by First Class Mail to the last address known to Limitless PCS, Inc., via email at the last known email address known to Limitless PCS, Inc., and by text message to the last known telephone number known to Limitless PCS, Inc.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff brings Claims for Relief for violations of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) and the opt-in provisions of 4111.10 with respect to overtime claims. Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

50. **Rule 23 Class**

   **The Class Members are all of Limitless PCS, Inc.'s current and former Mobile Associates and those with similar job duties, but different titles, who worked for Limitless PCS, Inc. within Ohio, at any time from three years preceding the filing of this Complaint to the present.**

   **Numerosity (Rule 23(a)(1)).**

51. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Limitless PCS, Inc. employed greater than one hundred people who satisfy the definition of the Class Members.

   a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

52. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

   a. Whether Limitless PCS, Inc. unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

9

  b. Whether Limitless PCS, Inc. unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

  c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

### b. Typicality (Rule 23(a)(3)).

53. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Limitless PCS's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

54. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

55. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Limitless PCS, Inc. acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

56. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Limitless PCS, Inc.'s common and uniform policies and practices illegally deprived Plaintiff and all similarly situated

employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Limitless PCS, Inc.'s practices.

57. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK WORK

58. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

59. Limitless PCS, Inc. has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

60. Limitless PCS, Inc. is in the cell phone sales business and as part of its business policies require Plaintiff and the Collective Members to use cell phones for business purposes and to download the app, "Slack" on their phones.

61. At all relative times, Plaintiff and the Collective Members have been subject to Limitless PCS, Inc.'s policy of requiring Plaintiff and the Collective Members to spend time interacting with and communicating through Slack during non-shift time.

62. Limitless PCS, Inc.'s failure to compensate Plaintiff and the Collective Members for such time violates the minimum wage provisions of the FLSA 29 U.S.C. § 206. In all instances wherein

Plaintiff and the Collective Members work in excess of forty (40) hours in a given workweek, Limitless PCS, Inc.'s failure to compensate Plaintiff and the Collective Members for such time violates the overtime provisions of the FLSA 29 U.S.C. § 207.

63. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

64. Limitless PCS, Inc. knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Limitless PCS, Inc. was aware of the FLSA's minimum wage and overtime requirements. As such, Limitless PCS, Inc.'s conduct constitutes a willful violation of the FLSA.

65. As a result of Limitless PCS Inc.'s failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Limitless PCS, Inc.'s failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Limitless PCS, Inc. violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**OFF-THE-CLOCK WORK**

66. Plaintiff and the Class Members reallege and incorporate by reference all

allegations in all preceding paragraphs.

67. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

68. Limitless PCS, Inc. has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

69. At all relative times, Plaintiff and the Class Members have been subject to Limitless PCS, Inc.'s policy of requiring Plaintiff and the Class Members to spend time working off-the-clock.

70. Plaintiff and the Class Members must also perform significant work, including communications, through Slack during non-work hours.

71. Limitless PCS, Inc.'s failure to compensate Plaintiff and the Class Members for such time violates the minimum wage provisions of O.R.C. § 4111 *et seq*. In all instances wherein Plaintiff and the Class Members work in excess of forty (40) hours in a given workweek, Limitless PCS, Inc.'s failure to compensate Plaintiff and the Class Members for such time violates the overtime provisions of O.R.C. § 4111 *et seq/*.

72. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees

may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

73. Limitless PCS, Inc. knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members would violate Ohio law, and Limitless PCS, Inc. was aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Limitless PCS, Inc.'s conduct constitutes a willful violation of the OMFWSA.

74. As a result of Limitless PCS, Inc.'s failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### IMPROPER KICKBACKS AND DEDUCTIONS

75. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

76. The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 778.315. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

14

77. Limitless PCS, Inc. requires Plaintiff and the Collective Members to supply their own phones to conduct business as employees of Limitless PCS, Inc. and to interact with and communicate through "Slack."

78. Limitless PCS, Inc. requires Plaintiff and the Collective Members to pay for cash shortages or business errors.

79. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

80. Limitless PCS, Inc. knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Limitless PCS was aware of the FLSA's minimum wage and overtime requirements. As such, Limitless PCS, Inc.'s conduct constitutes a willful violation of the FLSA.

81. As a result, Limitless PCS, Inc. violated the minimum wage and overtime provisions of the FLSA and Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT
IMPROPER KICKBACKS**

82. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

83. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). The wage requirements of the OMFWSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

84. Limitless PCS, Inc. requires Plaintiff and the Collective Members to supply their own phones to conduct business as employees of Limitless PCS, Inc. and to interact with and communicate through "Slack."

85. Limitless PCS, Inc. requires Plaintiff and the Collective Members to pay for cash shortages or business errors.

86. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

87. Limitless PCS, Inc. knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and Class Members would violate Ohio law, and Limitless PCS, Inc. was aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Limitless PCS, Inc.'s conduct constitutes a willful violation of the OMFWSA.

88. As a result of Limitless PCS, Inc.'s refusal or failure to properly compensate Plaintiff and Class Members, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Haley Horn, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Limitless PCS, Inc:

A. For the Court to declare and find Limitless PCS, Inc. committed one or more of the following acts:

    i. violated the minimum wage and overtime provisions of the FLSA;

    ii. willfully violated the minimum wage and overtime provisions of the FLSA;

    iii. violated the minimum wage and overtime provisions of the OMFWSA; and

    iv. willfully violated the minimum wage and overtime provisions of the OMFWSA.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members under the OMFWSA;

F. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: October 8, 2022

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520

           Independence, OH 44131
           Telephone: (216) 525-8890
           Email: james@simonsayspay.com